# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARRON GOODIN,** | CASE NO. 19-cv-08285-YGR |
| Plaintiff, | |
| vs. | **ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER** |
| **MORGAN GIULIANELLI, ET AL.,** | Re: Dkt. No. 5 |
| Defendants. | |

Plaintiff Arron Goodin has filed suit against defendants Morgan Giulianelli, Alana Joy Kylow, and Krystyl Baldwin, asserting a single cause of action under the Lanham Act, 15 U.S.C. section 8131. Currently pending before the Court is plaintiff's *ex parte* motion for a temporary restraining order, in which plaintiff seeks an order requiring that (i) defendants transfer the domain www.arrongoodin.com to plaintiff and (ii) the domain remain in a locked status with the registrar. Plaintiff further requests that the Court order defendants to show cause why a preliminary injunction should not issue granting this same relief during the pendency of this litigation or until permanent injunctive relief may be ordered.

As an initial matter, the Court notes that a plaintiff generally is required to give notice to a defendant before seeking a temporary restraining order, with limited exceptions that do not apply here. *See* Fed. R. Civ. P. 65(b)(1). Plaintiff's counsel indicates that they emailed copies of the complaint and moving papers to defendants. There is no evidence, however, that defendants received these documents. Accordingly, and out of an abundance of caution, plaintiff is hereby **ORDERED** to personally serve each of the defendants with copies of the complaint and moving papers.

Further, defendants are hereby **ORDERED TO SHOW CAUSE** why a temporary restraining order should not issue in light of the allegations in the complaint, and given that the statute pursuant to which plaintiff brings his claim, titled "cyberpiracy protections for individuals," provides, in relevant part:

> Any person who registers a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's consent, with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party, shall be liable in a civil action by such person.

15U.S.C. § 8131(1)(a). The briefing schedule on the motion shall proceed as follows:

- defendants must file their response to this Order and the motion no later than December 27, 2019; and
- plaintiff may file a reply in support of his motion no later than 9 a.m. on December 31, 2019.

A hearing on the motion is hereby set for **9:00 a.m.** on **Friday, January 3, 2020**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. If defendants submit proof that the domain at issue has been transferred to plaintiff or shut down, the suit shall proceed on a normal course and the hearing will be taken off calendar.

**Plaintiff shall serve defendants with this Order immediately,** but in no event later than **December 21, 2019**, and file proof of the same.

**IT IS SO ORDERED.**

Dated: December 20, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**